MUNICIPALITY NUMBER TWO *vs.* M'DONOUGH.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The acts of 1832, " for opening and improving streets and public places in New-Orleans," does not authorize the commissioners to assess a tax on the neighboring proprietors of grounds, for the purpose of clearing, grading, draining and improving streets in their vicinity, already opened and dedicated to public use, when no portion of the disbursements is for lands taken or to be taken for new streets.

The act of 1832 is enacted for the exclusive and special object of authorizing the city council to take lands or lots, to remove any buildings or improvements, necessary for the purpose of opening, extending, enlarging, straightening or otherwise improving any street or public place, on due compensation being made to the parties and persons to whom the loss and damage occasioned thereby exceeds the advantage and benefit thereof.

An opposition to the proceedings of the report of commissioners under the act of 1832, for opening streets, &c., which is in the nature of a peremptory exception, destroying and defeating the right and power assumed by the corporation, alleging the proceedings are *null ab initio*, may be put in at any time before judgment homologating the report.

This case comes up on an opposition, in the nature of a peremptory exception, to the report of commissioners appointed under the 3d section of the act of 1832, for opening and extending streets in the city of New-Orleans. In July, 1838, the Municipality Number Two petitioned the court for the appointment of three commissioners of estimate and assessment, alleging they were desirous of opening and improving certain streets, within their limits ; the same having been applied for by a number of owners of property and residents in the part of the city intended to be improved and benefited; and that notice of said intended improvements had been duly given.

The commissioners thus appointed were qualified, entered on the duties allotted to them, and made a report, which is

EASTERN DIST.
*December,* 1840.

MUNICIPALITY
NUMBER TWO
*vs.*
M'DONOUGH.

stated in the record to have been filed on the 15th August, 1840. It appeared the assessment of taxes was made on the neighboring property holders, for the purpose of prolonging several streets in the rear of Municipality Number Two, by running them further into the swamp, and for grading and ditching them, and also for draining and clearing the rear of this section of the city.

John M'Donough, one of the property holders assessed, excepted to and opposed the whole proceedings, as set forth in the petition ; that it was not such a case as is contemplated and provided for in the act of 1832, for opening streets, &c., under which these proceedings were had, and that neither himself or his property were liable to any assessment therefor, in manner and form, as is sought, &c.; there being no property required to be taken, or any other matter or thing necessary to be ordered or decreed under said act. But that the whole improvements sought by said proceedings, being the ordinary improvements on streets already open and public, consisting of works to be done in the usual and ordinary manner, by the municipal corporation. He prays that the report of the commissioners be rejected, and that the whole proceedings be dismissed.

On these pleadings and issues the case was tried.

The principal question involved was, whether this case came within the provisions of the act of 1832, providing for opening, &c., streets in New-Orleans: *Session acts of* 1832, *p.* 133.

The district judge was of opinion, the whole proceedings were unauthorized by any law, and gave judgment dismissing them. The plaintiffs appealed.

*Carter,* for the appellants.

*Grymes,* contra.

*Simon, J.,* delivered the opinion of the court.

EASTERN DIST.
*December*, 1840.

MUNICIPALITY
NUMBER TWO
*vs.*
M'DONOUGH.

The record shows, that on the 24th July, 1838, plaintiffs petitioned the court of the first judicial district, for the purpose of obtaining the appointment of three competent persons to act as commissioners of estimate and assessment, according to a law of the legislature, entitled " an act to regulate the opening, laying out, and improving streets and public places in the city of New-Orleans and its suburbs, incorporated and non-incorporated, and in the banlieus of the same," approved on the 3d April, 1832.    Their alleged object was the opening and improving of certain streets, within the limits and in the rear of their municipal corporation ; and, accordingly, printed advertisements were regularly published, in both languages, giving a description of all said improvements, in conformity with the law, and in pursuance of certain resolutions of the council of the said Municipality, passed on the 15th May, preceding.    The three commissioners were appointed by the district judge, on the same day the petition was presented, and having been regularly sworn, on the 9th March, 1840, they proceeded to make a report, in which they imposed and assessed a tax, to be levied upon the neighboring proprietors of the streets to be opened and improved, for the purpose of defraying the necessary expenses occasioned by the improvements.    On the 12th of August, 1841, John M'Donough, one of the proprietors subject to taxation under the report, made opposition to its homologation, alleging that the case set forth and exhibited by the petition, is not such an act as is contemplated and provided for by the act of the legislature, under which the proceedings were had ; that neither himself nor his property, mentioned in the report of the commissioners named by the court, are liable to any assessment therefor, in the manner and form as is sought by the said proceedings ; that there is no property taken or required to be taken under the provisions of said act, but that the whole improvement sought by the said proceedings, are the ordinary improvements on streets already open and public, consisting of works to be done and performed in the usual and ordinary manner, by the municipal corporation.    He

EASTERN DIST.
December, 1840.

MUNICIPALITY
NUMBER TWO
vs.
M'DONOUGH.

prayed for the rejection of the report, and that the whole proceedings be dismissed. The inferior court sustained the opposition, and dismissed the proceedings, at the cost of the municipality, from which judgment, the latter appealed.

From the evidence of the case, it appears, that the streets to be opened and improved under the report, are those laid down and represented in a plan produced by plaintiffs, which shows an anterior dedication of said streets; that the application was made to the Municipal Council, by proprietors in the rear, for the opening and improving of said streets; that the disbursements, as mentioned in the report of the commissioners, were for cutting the timber, grading the streets, cutting a canal across the two wards, for the purpose of draining the water off; and that no portion of the amount disbursed and assessed, was paid or to be paid, for any land, taken or to be taken. Indeed, this has been admitted by both parties

It is clear, that the provisions contained in the act of the legislature, under which the application was made by the municipal corporation, to the District Court, have been enacted for the exclusive and special object of authorizing the city Council to take any lands or lots, to remove any buldings and improvements which may be found necessary, within the meaning and intention of said act, for the purpose of opening, extending, enlarging, straightening or otherwise improving any street or public place, in any part of the city, provided due compensation be made to the parties and persons, to whom the loss and damage occasioned thereby shall be deemed to exceed the benefit and advantage thereof, for the excess of said damage above said benefit; to be *ascertained* in the manner provided for by the said act. And it is equally clear, that the duties of the commissioners of estimate and assessment, to be appointed under said act, are limited to regulating the terms of, and determining the amount of any loss or benefit resulting from the *forced appropriations* which the City Council, at the request of a certain number of owners of property in the neighborhood where the improvements are to be made, may think proper and necessary to order, under the provisions of said act. Those commissioners are to be appoint-

EASTERN DIST.
*December*, 1840.

MUNICIPALITY
NUMBER TWO
*vs.*
M'DONOUGH.

either by the district or parish courts, are to be selected out of the mass of tax-paying citizens, and have to fulfil the important duty of making a just and equitable estimate and assessment of the loss and damage, and of the benefit and advantage to be caused or derived to *the respective owners, lessees, parties or persons, respectively interested in the lands and premises so required for the purposes provided for by the said act*: *Laws of 1832, p. 133.*

We have looked in vain for any provision in the said act, authorizing the City Council to impose a tax on any particular portion of the inhabitants, in any manner but that pointed out by law, to defray the expenses occasioned by such improvements as those contemplated by the report complained of; and we have come to the conclusion, that commissioners under this law are not to be appointed and have no function to perform, unless the property of individuals or corporations be required for public service or convenience, and that, therefore, the proceedings which gave rise to the present controversy, are entirely foreign to the true object of the law, and contrary to the intention of the legislature. We must, therefore, concur with the judge *a quo*, in his opinion that " what is called in this case an estimate and assessment, by commissioners appointed under the act of 1832, is, in reality, nothing else than the imposition of a tax, by an authority not recognized by law ;" and that the act in question, being not one of taxation in its direct object, whenever the corporation undertakes to act under a special law, they must bring themselves strictly within its provisions.

*The act of 1832 is enacted for the exclusive and special object of authorizing the City Council to take lands or lots, to remove any buildings or improvements necessary for the purpose of opening, extending, enlarging, straightening or otherwise improving, any street or public place, on due compensation being made to the parties and persons to whom the loss and damage occasioned there by, exceeds the advantage and benefit thereof.*

Under the general power given to the City Council, 2 *Moreau's Digest, p.* 111, they have the right of imposing a general or a special tax, as *to them may seem proper*, on the real and personal property within the city, for the supplying of any deficiency which may exist in their funds, and for *any purpose* which the police and good government of the city may require. It is true, this taxation need not be uniform: 1 *Louisiana Reports*, 1 ; but it is equally obvious, that this tax cannot be levied on the inhabitants of the corporation, or their property,

in any other manner but that prescribed by the law from which the power is derived: 2 *Idem.*, 131, *section* 8.

But it is contended, that John M'Donough's opposition comes too late, and that he ought to have resisted the passage of the ordinance, on the publication in the newspapers, as required by the second section of the act, and previous to the Council's proceeding to act on the propositions made by the neighboring proprietors. This objection cannot be sustained. Had the ordinance been passed and the proceedings of the commissioners been carried on, within the meaning, intention, and object of the law under which the application was made to the District Court, the opponent might, perhaps, have been precluded from making opposition to the homologation of the report of the commissioners so appointed, within the purview of the said act, unless showing, according to the third section thereof, and within ten days from the filing of said report, that his rights and interests are affected thereby; but in this case, the opposition must have the effect of a peremptory exception, which goes to destroy and defeat the right or power assumed by the corporation, whose proceedings are null and void, *ab initio*; and that can certainly be shown at any stage of the said proceedings.

Under this view of the case, we think the district judge did not err, in sustaining John M'Donough's opposition, and in dismissing the proceedings.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.